## WEBBER v. CONKLIN.

Under Laws 1893, p. 56, c. 36, § 1, providing that a conditional sale of chattels when delivered vests the title in the buyer as to third persons unless the contract of sale is filed with the register of deeds, the failure to file in the office of the register of deeds a contract of sale stipulating that the buyer shall hold the goods in trust as security for the price vests in him title to the goods as to third persons without notice.

· A contract of sale of chattels, which stipulates that they shall be held in trust by the buyer as security for the price, is neither a conditional sale nor a chattel mortgage, but a personal agreement of the buyer, and an assignee of the buyer under an assignment for the benefit of creditors, who receives the goods and disposes of them without actual or constructive notice of the stipulation, is not personally liable to the seller for a conversion, though Rev. Civ. Code, § 2378, provides that such an assignee has no greater rights than the assignor, as no action at law could be maintained against the buyer to recover possession of the goods.

(Opinion filed, Sept. 2, 1905.)

, Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by Otto F. Webber against J. V. Conklin. From a judgment for defendant, plaintiff appeals. Affirmed.

*U. S. G. Cherry,* for appellant.

Every assignment should confer upon the assignee the right to recover all property, or right or equities in property, which might be reached or recovered by any of the creditors of such assignor. But even in such states, the burden is upon the assignee to show that the creditors which he represents are in position to defeat such unrecorded liens or incumbrances. That is, he must show that the claims of such creditors arose subsequent to such unrecorded lien or incumbrance and that the creditors had no actual knowledge of their existence. Brown v. Brabb, 67 Mich., 117; Stewart

v. Platt, 101 U. S., 731, 25 L. ed., 816; National B. & D. B. v. Hubbell, 117 N. Y., 384; Millhiser v. Erdman, 98 N. C., 292; Van Heusen v. Radcliff, 17 N. Y., 580; Clark v. Flint, 22 Pick., 231.

If a mere lien was reserved then the plaintiff is entitled to recover the amount remaining due on the purchase price of the property. It was such an instrument as the parties had a perfect right to make and would be enforceable as between them. It was not technically a chattel mortgage and therefore not required to be executed subject to any of the forms or requirements of a technical chattel mortgage. Comp. Laws, Sec. 4,346; Kennedy v. Hull, 14 S. D., 234, 85 N. W., 223; Esshom v. Watertown Hotel Co., 7 S. D., 74, 103 N. W., 229; Peet vs. D. F. & M. Ins. Co., 7 S. D., 411; Wood v. Lee, 4 S. D., 495, 57 N. W., 238; Greeley v. Winsor, 1 S. D., 117, 45 N. W. 325; Wright v. Burcher, 72 Mo., 179.

*Brown & Brown* for respondent.

Right to the *immediate possession* of the property, a right essential to the maintenance of an action for conversion. O'Rourke v. Haddock, 114 N. Y., 541-50; Hutchings v. Munger, 41 N. Y., 155; Furniture & Carpet Co. v. Crosby et al., 77 N. W., 659; Machine Co. v. Bothane, 70 Mich., 443, 38 N. W. 326.

Respondent having no knowledge of the alleged trust character of these wagons when he took possession of them under the assignment, there must be a demand made on him while they were in his possession or under his control as assignee, by the vendor before an action can be maintained against him for conversion, or to recover the goods. Goodwin et al v. Wertheimer, 99, N. Y., 149; Southwick v. First Nat'l Bank, 84 N. Y., 420; Schofield v. Whitelegge, 49 N. Y., 259. The principle still remains that the judgment to be rendered by any Court must be *secundum allegatta et probata*. Tooker v. Arnoux, 76 N. Y., 397; Wright v. Delafield, 25 N. Y. 226. The character of the action is to be determined from the complaint. Welch v. Darragh, 56 N. Y., 590. If its allegations state a cause of action *ex delicto*, it is not competent at the trial to convert it into one *ex contractu.* Degrau v. Elmore, 50 N. Y., 1; Ross v. Mather, 51 N. Y., 108; Walter v. Bennett, 16 N. Y., 250; Neudecker v. Kohlberg et al, 81 N. Y., 296.

CORSON, P. J.   This is an appeal by the plaintiff from a judgment in favor of the defendant and an order denying a new trial.   The action was tried to the court without a jury, and the findings of the court may be briefly stated as follows:   In December, 1899, the Farmers' Implement & Supply Company, a South Dakota corporation doing busines in Canton, placed with T. & H. Smith & Co., a corporation doing business in Pekin, Ill., a written order for 20 wagons.   Indorsed upon the order were the following stipulations, among others: "Canton, S. D., Dec. 19, 1899, T. & H. Smith & Co., Pekin, Ill.:  Please ship June 15, 1900, or as soon thereafter as possible, the following goods:  (The contract here describes 20 wagons.)   Conditions on back hereof accepted as part of this contract.   Sold and warranted, subject to countermand until January 1, 1900.   (Signed) Farmers' Imp. & Supply Company, Canton, S. D.  Undersigned agrees to remit New York or Chicago within four months from date of invoice for above goods at prices specified, unless settled for within thirty days from date of invoice by his or their notes, payable one-third November 1, 1900, one-third December cne, 1900, one-third January 1, 1901, and interest at 8 per cent. per annum from maturity.   Approved January 20, 1900.   (Signed) T. & H. Smith & Company, by H. O. (Signed) The Farmers' Imp. & Supply Co., per O. T. Helgerson, Pres.   Order taken by N. Edwards, Jr.   Conditions: * * * (2) This order is not subject to countermand except at the option of T. & H. Smith & Co., and then only upon the payment by the party giving this order of 20 per cent. of the amount of the order, as agreed and liquidated damages. * * * (4) All goods on hand, received under this or any subsequent order, and the proceeds of all sales, whether in cash, book accounts, or notes, are to be held in trust by the party giving this order as collateral security for the benefit of and subject to the order of T. & H. Smith & Co. until all obligations arising out of this contract shall be fully paid in money.   It is further agreed that notes given under this contract are not accepted as payment, but only as evidence of liability."   The order was accepted and the wagons shipped, and 75 per cent. of the number sold and paid for.   In December, 1901, the implement company, being insolvent, made an assignment for the

benefit of its creditors, the defendant herein named being made the assignee; and the five wagons unsold were included in the assignment to him. T. & H. Smith & Co. subsequently assigned its claim against the implement company to the plaintiff who instituted this action to recover the value of the five wagons from the defendant individually.

The court's eleventh and twelfth findings of fact are as follows: "That said agreement between the said T. & H. Smith & Co. and the said Farmers' Implement & Supply Company, set forth in the complaint herein and also in these findings, was never filed in the office of the register of deeds of said Lincoln county, and that the defendant herein had no actual notice or constructive knowledge of its existence. And no demand was made on the defendant for the possession of the said wagons at any time while the same remained in his possession or control. (12) That on or about the 20th day of January, 1902, defendant, while in possession of the said five wagons and all the other property turned over to him by virtue of the said assignment for the benefit of creditors of the said Farmers' Implement & Supply Company, and without any notice of the existence of said contract, and before any demand for said wagons had been made, as such assignee, and not otherwise, sold and disposed of all the said property so turned over to him by the said assignor by virtue of the said assignment for the benefit of the creditors. That the said five wagons were sold, together with the other property, all in bulk and not separately, at 50 per cent. of the invoice price of the same, being all the stock in trade of said assignor, and no certain or specified sum was agreed upon in said sale by the defendant as a selling price for the said five wagons, or either of them; and that there is no means of ascertaining from the evidence for what consideration or the price at which the said wagons were sold; and that upon the sale the possession of the said wagons were turned over and delivered by the said defendant to the purchaser, together with all other property by him so sold."

The appellant seeks a reversal of the judgment on the grounds (1) that the findings of the court that the defendant had no actual or constructive notice of the existence of the stipulation in-

·dorsed upon the contract, and that no demand was made upon him for the possession of said wagons prior to his sale of the same as .assignee, is not supported by the evidence; (2) that, assuming that the findings are correct, the court erred in its conclusions of law drawn therefrom.

It is conceded that the order, with the stipulation indorsed thereon, was not filed in the office of the register·of deeds, as re-.quired by section 1, c. 36, p. 56, Laws 1893, which reads as follows: "All sales of personal property where the possession is delivered to the vendee, on condition that the title shall remain in the vendor until the purchase money is paid, shall vest such title in the vendee as to third persons without notice of such conditions, unless such contract is in writing and filed with the register of deeds of the county where the vendee resides." And the evidence of actual notice to the defendant of the existence of this stipulation was conflicting, and we are unable to take the view that the court's findings are not sustained by a preponderance of the evidence.

The only remaining question, therefore, necessary to be considered, is, did the court err in its conclusions of law. It is contended by the appellant that the defendant, as assignee of the insolvent estate of the implement company, acquired no new rights, but simply occupied the position of the company, and that, as the stipulation was binding upon the company, it was equally binding upon the defendant as its assignee, whether he had actual or constructive notice of the existence of the stipulation or not. The trial court evidently took the view, however, that the defendant could not be held responsible for the value of the wagons, unless he had actual or constructive notice of the stipulation, and we are of the opinion that in taking this view the trial court was right. It will be observed that the court finds that the property had been sold by the assignee as part of the assets of the insolvent company, and that prior to such sale no demand had been made upon him for the possession of said wagons. It is difficult, therefore, to discover any theory upon which the plaintiff can recover in this action. The action is one at law instituted against the defendant to recover for the conversion of these wagons, and the action, as before stated, is not against the de-

fendant as assignee, but against him in his individual capacity. It will be noticed that, by the terms of the stipulation indorsed upon the order, the sale of the implement company was not a conditional sale; but it provided that the property sold and proceeds of all sales were to be held in trust by the party giving the order as collateral security for the benefit of the T. & H. Smith & Co., until all obligations arising out of the contract should be fully paid in money. While possibly the stipulations might be binding upon the parties to the contract, clearly they are not binding upon a party taking the property by assignment, without actual or constructive notice of the contract. As the contract or stipulation amounts to neither a conditional sale nor a chattel mortgage upon the property, in no event would the defendant be held liable for the sale of the property, in the absence of constructive or actual notice of the contract, in an action at law, when he had disposed of the property before any demand had been made upon him for the same.

It is contended by the respondent that, if the plaintiff claims a lien on a specific fund or the right to follow a specific fund, the action must be one in equity, and the party holding such fund cannot be held liable in an action at law. Without deciding whether or not the plaintiff would have been entitled to recover had his action been one in equity instead of one at law, it is quite clear that the defendant cannot be held for the value of the property, after a sale of the same in an action at law, without actual or constructive notice of the contract and before any demand has been made upon him. It is somewhat difficult to construe the terms of the stipulation. As before stated, it does not amount to a conditional sale, as Smith & Co. evidently parted with its legal title to the property. It is quite clear that under this stipulation, had the order and stipulation been recorded, and had the implement company transferred one of the wagons, received the cash payment therefor, and used the money in payment of its other obligations, neither the wagon nor its value could have been recovered from the purchaser, as such purchaser would have acquired a perfect title to the property. The stipulation, as before stated, does not constitute a chattel mortgage, and, had it been filed as such, Smith & Co. could not have followed the prop-

erty into the hands of a purchaser to recover the property or its value. The stipulation, therefore, must be regarded as the personal agreement of the implement company to hold the property or the funds received from a sale of the same in trust for Smith & Co., and not as giving Smith & Co. any lien directly upon the property. It is clear, therefore, that, had the implement company disposed of the property, Smith & Co. could not have followed it into the hands of a purchaser, nor could Smith & Co. have recovered the property from the implement company under the terms of the stipulation in an action at law, but could only have enforced the trust in equity. It is true that section 2378, Rev. Civ. Code provides: "An assignee for the benefit of creditors is not to be regarded as a purchaser for value and has no greater rights than his assignor had in respect to things in action transferred by the assignment." Still, as no action at law could have been maintained against the assignor to recover the possession of the property, none can be maintained against the assignee to recover the same.

Counsel for appellant has cited many authorities supporting his contention that the assignee in the assignment for the benefit of creditors occupies the position of the assignor; but, as will be seen, no authorities are necessary, in view of the provisions of our code which have established the rule upon the subject in this state in accord with the authorities cited. We are clearly of the opinion, therefore, that the court's conclusions of law were correct, and that the plaintiff could not recover in an action at law against the defendant for the value of this property, in the absence of notice, actual or constructive, or demand before the property was disposed of.

The judgment of the court below and order denying a new trial are affirmed.